UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID McKITHEN,

                              Plaintiff,

    v.	                                               9:15-CV-1109
                                                                     (GLS/DJS)

L. SEERY et. al.,

                              Defendants.
_____

APPEARANCES:

DAVID McKITHEN
14-B-0191
Plaintiff, pro se
Southport Correctional Facility
P.O. Box 2000
Pine City, NY 14871

GARY L. SHARPE
United States District Judge

# DECISION AND ORDER

## I.    INTRODUCTION

      The Clerk has sent to the Court for review a civil rights action filed by pro se plaintiff David McKithen. (Dkt. No. 1). Plaintiff has not paid the statutory filing fee for this action and seeks leave to proceed in forma pauperis.[1] Dkt. No. 5 ("IFP Application").

## II.    IFP Application

      "28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v.*

---

[1] Plaintiff's original application to proceed IFP was incomplete. On September 15, 2015, the Court ordered that the action would be administratively closed unless plaintiff paid the filing fee or filed a properly completed IFP Application. Dkt. No. 4. On September 23, 2015, plaintiff filed a new form. Dkt. No. 5.

*Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010). Upon review of plaintiff's IFP Application, the Court finds that plaintiff has demonstrated sufficient economic need and filed the inmate authorization form required in the Northern District of New York. Plaintiff's IFP application, (Dkt. No. 5), is granted.

**III.   Initial Screening**

Having found that plaintiff meets the financial criteria for commencing this action in forma pauperis, and because plaintiff seeks relief from an officer or employee of a governmental entity, the Court must consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. §§ 1915(e) and 1915A. Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[2]

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (noting that Section 1915A applies to all actions brought by prisoners

---

[2]  To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

against government officials even when plaintiff paid the filing fee).

Additionally, when reviewing a complaint, the Court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, No. 95-CV-0063 (TJM), 162 F.R.D. 15, 16 (N.D.N.Y. June 23, 1995) (other citations omitted)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal. *Sheehy v.*

3

*Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

## IV.     Summary of the Complaint[3]

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 6:95-CV-0272 (TJM/RWS), 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights." (citation omitted)). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted). The Court will construe the allegations in plaintiff's complaint with the utmost leniency. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers.").

Plaintiff, an inmate currently being held at Southport Correctional Facility ("Southport C.F."), asserts claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS").[4] The incidents that form

---

[3] Plaintiff annexed exhibits to the complaint. To the extent that the exhibits are relevant to the incidents described in the complaint, the Court will consider the complaint as well as any documents attached as exhibits. *See Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991) (the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference).

[4] Section 1915(g) prohibits a prisoner from proceeding in forma pauperis where, absent a showing of "imminent danger of serious physical injury," a prisoner has filed three or more actions or appeals that were subsequently dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted. *See*

the foundation for this complaint occurred while plaintiff was confined at Auburn Correctional Facility ("Auburn C.F."). *See generally* Compl. On December 7, 2014, between 6:00 P.M. and 6:30 P.M., plaintiff was being escorted from the North Mess Hall on the first floor of Auburn C.F. *See id.* at 4. Plaintiff hands were restrained behind his back and his handcuffs were being held by defendant Corrections Officer, L. Seery ("Seery"). *See id.* While in the corridor between the Mess Hall and C-Block, Seery intentionally threw plaintiff, head first, into a wooden bench. *See id.* Seery pulled the cuffs "as high in the air as they could possibly go," preventing plaintiff from standing up. *See* Compl. at 4. While Seery held plaintiff down on the bench, defendant Corrections Officer J. Thomas ("Thomas") "continually kneed plaintiff in the left side of his face," while defendant Corrections Officer B. Tyo ("Tyo") kicked and punched the left side of plaintiff's face, neck, and body. *See id.* As a result of the incident, plaintiff sustained abrasions, bruising, and swelling to his left eye and cheek, blurred vision, pain and numbness in his neck, shoulder and back, and a laceration to his lip. *See id.* Plaintiff received medical attention after the incident. *See* Dkt. No. 1-1 at 7.

On December 11, 2014, at approximately 11:45 P.M., plaintiff was in the "SHU-D" hearing office for a Tier III hearing.[5] *See* Dkt. No. 1-1 at 2. Before the hearing commenced, defendant Captain B. Chuttey ("Chuttey") told plaintiff not to "fight the ticket" and accept a plea to ninety days in the Special Housing Unit ("SHU"). *See id.* Chuttey threatened plaintiff with one year of SHU confinement if plaintiff refused to plead guilty. *See id.* Chuttey told

---

28 U.S.C. § 1915(g). Based upon the Court's review of plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service, it does not appear that plaintiff has accumulated three strikes for purposes of 28 U.S.C. § 1915(g).

[5] The complaint lacks any information with respect to the Tier III hearing including the charges contemplated, the determination, and any sentence or punishment that plaintiff received as a result of the hearing.

5

plaintiff, "next time, I [will] make sure they kill you or at least send you to intensive care." *See id.*

Construed liberally, the complaint contains the following claims: (1) Seery, Thomas and Tyo violated plaintiff's Eighth Amendment rights with use of excessive force; (2) Chuttey violated plaintiff's Fourteenth Amendment right to due process; (3) Chuttey threatened plaintiff; and (4) state law claims for assault and battery. *See* Compl., *generally*.

**V.    ANALYSIS**

**A.    Eighth Amendment - Excessive Force Claims**

The Eighth Amendment's prohibition against cruel and unusual punishment encompasses the use of excessive force against an inmate, who must prove two components: (1) subjectively, that the defendant acted wantonly and in bad faith, and (2) objectively, that the defendant's actions violated "contemporary standards of decency." *Blyden v. Mancusi*, 186 F.3d 252, 262-63 (2d Cir. 1999) (internal quotations omitted) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). The key inquiry into a claim of excessive force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7 (citing *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986)); *see also Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973); *see also Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) ("[t]he Supreme Court has emphasized that the nature of the force applied is the core judicial inquiry in excessive force cases—not whether a certain quantum of injury was sustained."). "Accordingly, when considering the subjective element of the governing Eighth Amendment test, a court must be mindful that the absence of serious injury, though relevant, does not necessarily negate a

finding of wantonness." *Wynter v. Ramey,* No. 11-CV-0257 (DNH/DEP), 2013 WL 5465343, at *5 (N.D.N.Y. Sept. 30, 2013) (citations omitted).

Plaintiff has identified the time, location, and individuals involved in the alleged assault.  Thus, mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, *see, e.g.*, *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that plaintiff's Eighth Amendment excessive force claims against Seery, Thomas, and Tyo survive sua sponte review and require a response.  In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed motion to dismiss or for summary judgment.

**B.    Fourteenth Amendment**

Plaintiff alleges that Chuttey violated his Fourteenth Amendment rights in connection with a disciplinary hearing.  To successfully state a claim under Section 1983 for denial of due process arising out of a disciplinary hearing, a plaintiff must show that he both (1) possessed an actual liberty interest, and (2) was deprived of that interest without being afforded sufficient process.  *See Ortiz v. McBride*, 380 F.3d 649, 654 (2d Cir. 2004); *Tellier v. Fields,* 280 F.3d 69, 79-80 (2d Cir. 2000); *Hynes v. Squillace*, 143 F.3d 653, 658 (2d Cir. 1998); *Bedoya v. Coughlin,* 91 F.3d 349, 351-52 (2d Cir. 1996).  "Prison discipline implicates a liberty interest when it imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Ortiz*, 380 F.3d at 654 (quoting *Sandin v. Conner,* 515 U.S. 472, 484 (1995)); *Tellier,* 280 F.3d at 80; *Hynes,* 143 F.3d at 658.

To determine whether an inmate has suffered an "atypical and significant hardship," the conditions imposed upon the inmate must be compared with those imposed upon the

rest of the general population of the facility as well as those in administrative and protective confinement. *See Welch v. Bartlett*, 196 F.3d 389, 393 (2d Cir. 1999); *see also Vega v. Lantz*, 596 F.3d 77, 83 (2d Cir. 2010). When assessing the severity of the hardship imposed, a court should take into account both the duration and the conditions of the confinement, where appropriate. *See Arce v. Walker*, 139 F.3d 329, 336 (2d Cir. 1998).

In the context of a prison disciplinary hearing, inmates possess due process rights under the Fourteenth Amendment, but "the full panoply of rights" due a defendant in a criminal proceeding does not apply. *Applewhite v. Sheahan*, No. 08-CV-6045, 2013 WL 144957, at *10 (W.D.N.Y. Jan. 11, 2013) (citing *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)). The Supreme Court enumerated certain procedural safeguards that must be afforded to an inmate during the course of a prison disciplinary proceeding in order to ensure that the minimum requirements of procedural due process are satisfied. *Wolff*, 418 U.S. at 539. Specifically, with respect to a disciplinary hearing, the Fourteenth Amendment requires that (1) the inmate receive at least twenty-four hours written notice of the disciplinary charges against him; (2) the inmate be permitted to call witnesses and present evidence "when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals"; (3) the inmate be judged by a fair and impartial hearing officer; (4) the disciplinary conviction be supported by some evidence; and (5) the inmate be provided with a written statement of fact findings that support the disposition as well as the reasons for the disciplinary action taken. *Id*. at 563-66.

In order to state a viable cause of action for a violation of due process arising from any hearing, plaintiff must first plead facts to establish that he had a liberty interest in being free

from confinement in the SHU.  Here, plaintiff has not sufficiently plead the existence of any such interest.  The complaint lacks any facts related to the length of any SHU confinement or sentences imposed as a result of the Tier III hearing.  *See Mingo v. Fischer*, No. 14-CV-0235 (MAD/TWD), 2014 WL 2918599, at *5 (N.D.N.Y. June 26, 2014) ("[W]hile plaintiff was sentenced to SHU confinement, he does not indicate the length of his sentence, which is a critical component of the Fourteenth Amendment due process inquiry.").  With respect to procedural due process, plaintiff summarily states that he was denied a fair and impartial hearing but the complaint lacks any facts suggesting how he was prejudiced by any alleged procedural errors or that the errors affected the outcome of the hearing.  *See Powell v. Coughlin*, 953 F.2d 744, 750 (2d Cir.1991); *see also Colantuono v. Hockeborn,* No. 10-CV-6446, 801 F.Supp.2d 110, 115 (W.D.N.Y. Aug. 11, 2011) ("Plaintiff must show that the outcome of the hearing likely would have been different had [the witnesses] been called." (citing *inter alia, Clark v. Danheim*, 590 F.Supp.2d 426, 429 (W.D.N.Y. Dec. 2, 2008) (dismissing state prisoner's due process claim based on the hearing officer's denial of plaintiff's requests to review certain medical records, and to call DOCS sergeant as a witness, where plaintiff failed to demonstrate that he was prejudiced as a result)).  Plaintiff does not identify the witnesses he sought to call, the substance of any proposed testimony or how the testimony would have benefitted plaintiff.  Plaintiff does not claim that he was precluded from introducing any evidence or prevented from questioning any witnesses.

Without any allegations suggesting that plaintiff suffered from a deprivation of a liberty interest or a violation to his procedural due process rights, plaintiff's Fourteenth Amendment claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b) and 1915A(b) for failure to state a claim upon which relief may be granted.

**C.     Threats**

Plaintiff alleges that Chuttey threatened him with SHU confinement if plaintiff did not plead guilty prior to his Tier III hearing.  Without more, plaintiff's allegations of threats fail to state an actionable claim under the Eighth Amendment.  *Johnson v. Eggersdorf*, 8 F. App'x 140, 143 (2d Cir. 2001) (citing *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) ("[A]llegations of verbal harassment are insufficient to base a § 1983 claim if no specific injury is alleged.")); *see Hendricks v. Boltja*, 20 F. App'x 34, 36 (2d Cir. 2001) (holding that "verbal harassment was not actionable" in case where officer, *inter alia*, told inmate to "get [his] black ass out of the library" and threatened to "smash [his] head open"); *Shabazz v. Pico*, No. 93-CV-1424, 994 F. Supp. 460, 474 (S.D.N.Y. Feb. 11, 1998) ("[V]erbal harassment or profanity alone, unaccompanied by an injury no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under . . . § 1983."); *see, e.g.*, *Mortimer Excell v. Fischer*, Civ. No. 9:08-CV-945 (DNH/RFT), 2009 WL 3111711, at *6 (N.D.N.Y. Sept. 24, 2009) ("It is well settled law in this Circuit that 42 U.S.C. § 1983 is not designed to rectify harassment or verbal abuse.") (citations omitted); *Moncrieffe v. Witbeck*, No. 97-CV-253, 2000 WL 949457, at *3 (N.D.N.Y. June 29, 2000) (explaining that verbal threats alone do not constitute a violation of an inmate's federally protected rights) (citation omitted)).

To the extent that plaintiff alleges that Chuttey verbally threatened him, without more, he has failed to state a claim for relief pursuant to Section 1983.

**D.     State Law Claims**

10

Construed liberally, the complaint asserts causes of action for intentional infliction of emotional distress, assault, and battery. To the extent that plaintiff is suing the defendants in their official capacity, those claims are barred by the Eleventh Amendment. *See Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 (1989) ("Actions for damages against a state official in his or her official capacity are essentially actions against the state."). Moreover, to the extent that plaintiff attempts to assert state law claims against defendants in their personal capacity, those claims are barred by New York Correction Law § 24.

New York Correction Law § 24(1) provides:

> No civil action shall be brought in any court of the state, except by the attorney general on behalf of the state, against any officer or employee of the department, which for purposes of this section shall include members of the state board of parole, in his or her personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee.

*See Baker v. Coughlin*, 77 F.3d 12, 15 (2d Cir. 1996).

"Claims for damages arising out of a DOCCS employee's act performed within the scope of his employment may be maintained in the New York Court of Claims as a claim against the State of New York." *Heyliger v. Gebler*, No. 06-CV-6220, 496 F. Supp. 2d 250, 252 (W.D.N.Y. July 24, 2007). Courts look at the following factors to determine whether a defendants' action is within the scope of employment:

> the connection between the time, place and occasion for the act; the history of the relationship between employer and employee as spelled out in the actual practice; whether the act is one commonly done by any employee; the extent of departure from normal methods of performance; and whether the specific act was one that the employer could have reasonably anticipated.

*Ierardi v. Sisco*, 119 F.3d 183, 187 (2d Cir. 1997) (quotations and citations omitted).

The test to determine whether the defendants' actions fall within the scope of their employment is "whether the act was done while the servant was doing his master's work no matter how irregularly, or with what disregard of the instructions." *Cruz v. New York*, No. 13-CV-6131, 24 F.Supp.3d 299, 309 (W.D.N.Y. June 6, 2014) (citing *Cepeda v. Coughlin*, 128 A.D.2d 995, 996 (3d Dep't 1987)).

Here, the defendants were on duty in the correctional facilities at the time of the alleged constitutional violations. The allegations of defendants' misconduct fall within the scope of their employment as prison employees. *See Ames v. N.Y. Dep't of Corr. and Cmty. Supervision*, No. 12-CV-1487 (MAD/RFT), 2015 WL 4126326, at *14 (N.D.N.Y. Mar. 24, 2015) (the alleged inappropriate filing of misconduct reports and excessive use of force are "not departures great enough to remove [defendant's] actions from within the scop of their employment") (citations omitted); *see also Lewis v. Stanton*, No. 13-CV-1172 (LEK/TWD), 2014 WL 3106566, at *5 (N.D.N.Y. July 7, 2014) (a plaintiff is precluded from seeking damages for assault and battery under New York State common law in federal court). Accordingly, plaintiff's state law claims against defendants in their individual capacities are dismissed for lack of subject matter jurisdiction.

**E.     Remaining Allegations**

In the "Preliminary Statement" of the complaint, plaintiff claims that he received inadequate medical treatment and nutrition; that he was denied his right to access to the courts; and that defendants violated the New York State Corrections Law, Executive Law, and portions of the Civil Servants Manual. *See* Compl. at 1. These conclusory statements

are not supported by any factual allegations and are not referenced anywhere in the body of the complaint. Further, the complaint does not contain any cause of action based upon these statements. As such, the Court is unable to perform any meaningful review of these allegations and any claims related to these assertions are dismissed without prejudice.

## VI. CONCLUSION

**ORDERED** that plaintiff's in forma pauperis application (Dkt. No. 5) is **GRANTED**[6]; and it is further

**ORDERED** that the Clerk provide the Superintendent of the facility, designated by plaintiff as his current location, with a copy of plaintiff's authorization form, and notify the official that this action has been filed and that plaintiff is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED** that the Clerk provide a copy of plaintiff's authorization form to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED** that the following claims are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted: (1) claims against Chuttey for verbal threats; and (2) plaintiff's state law claims for monetary damages against defendants; and it is further

**ORDERED** that plaintiff's Fourteenth Amendment claim against Chuttey is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C.

---

[6] Plaintiff should note that, although the Court has granted his application to proceed in forma pauperis, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

§ 1915A(b) for failure to state a claim upon which relief may be granted[7]; and it is further

**ORDERED** that Chuttey is **DISMISSED** as a defendant herein; and it is further

**ORDERED** that the Clerk shall issue summonses and forward them, along with copies of the complaint, to the United States Marshal for service upon remaining defendants. The Clerk shall forward a copy of the summonses and complaint to the Office of the New York Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED** that all pleadings, motions, and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.** Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on

---

[7] If plaintiff wishes to pursue any claim dismissed without prejudice, he is advised to that, if accepted for filing, any amended complaint will entirely replace the original complaint and incorporation of prior claims is not permitted.

plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

November 4, 2015
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge